UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL FICKEY, and all
others similarly situated,

      Plaintiff,

      v.                                             Case No. 8:15-cv-2621-T-23MAP

ROYAL PETS MARKET & RESORT,
PINELLAS LLC, a Florida Limited Liability
Company, *et al*.

      Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, formally employed as an overnight pet attendant at Defendant Royal Pets Market & Resort, Pinellas LLC's pet resort in Palm Harbor, claims Defendants failed to pay him and other employees similarly situated the correct amount of compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b).[1]  Plaintiff asks the Court to conditionally certify an FLSA collective action of current and former overnight pet health and safety attendants at Defendants' Palm Harbor and Carrollwood locations, and submits an agreed-upon proposed notice and proposed opt-in procedures (doc. 31).  Defendants do not object to collective status for similarly situated employees (*id.*).  For the reasons stated, I recommend the motion be granted to the extent outlined in this report.

    Under the FLSA, "any one or more employees for and in behalf of himself or

---

[1] The district judge referred this matter to me for a report and recommendation (doc. 32). *See* 28 U.S.C § 636 and Local Rule 6.01(b).

themselves and other employees similarly situated" may file an action to recover unpaid minimum wage or overtime compensation. 29 U.S.C. § 216(b). "No party, [however], shall be a party plaintiff to any such action unless he give his consent in writing to become such a party." *Id.* When deciding whether to certify collective actions under the FLSA, the Eleventh Circuit suggests district courts use a two-tiered approach. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). At the first step, or so-called "notice stage," the court examines the pleadings and affidavits proffered and decides if potential class members should be notified. *Id.* at 1218 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). Given the minimal evidence before it, the court uses a fairly lenient standard, and typically the court will "conditionally certify" the class. *Id.* If so, the putative class members are noticed and offered the opportunity to "opt-in." *Id.* When discovery is completed, the defendant often precipitates a second review of the class certification decision via a motion to decertify the class. *Id*. With more information available, the court either finds the opt-in plaintiffs are similarly situated or grants the motion, decertifies the class, dismisses the opt-in plaintiffs without prejudice, and proceeds to trial on the original claims by the named plaintiff or plaintiffs. *Id.*

At the first stage, the court must determine whether there are any other employees that desire to opt-in to the lawsuit and whether those employees are similarly situated. *Dybach v. State of Fla. Dept. Of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The plaintiff has the "burden to demonstrate a reasonable basis for crediting [his] assertion that aggrieved individuals exist[] in the broad class [he] proposed." *Haynes v. Singer Co. Inc.*,

696 F.2d 884, 887 (11th Cir. 1983). The plaintiff can demonstrate this by affidavits, consents to join, or "expert evidence on the existence of other similarly-situated employees." *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-cv-770-T-27MSS, 2006 WL 752831, at * 3 (M.D. Fla. Mar. 23, 2006) (citation omitted). The court will not accept unsupported allegations that additional plaintiffs will come forward. *Id.* Rather, a plaintiff must sufficiently demonstrate there are other plaintiffs who desire to opt-in. *See Dybach*, 942 F.2d at 1567-68; *Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d. 1211, 1220-21 (M.D. Fla. 2003); *Rodgers*, 2006 WL 752831, at * 3; *David v. Assoc. Out-Door Clubs, Inc.*, No.8:09-cv-1541-T-30MAP, 2010 WL 1730702, at * 1 (M.D. Fla. Apr. 27, 2010).

To support his argument that other employees desire to opt-in, Plaintiff states that there are at least 20 potential class members (doc. 31-2 at ¶ 5). Of those, he claims Daniel Oulette, Jessica, Rodney, and Gil are interested in participating in the action (*id.* at ¶ 8). Moreover, Richardo Malcolm has already consented to join the action (doc. 23). Both Mr. Malcom and Plaintiff declare that all overnight pet attendants were subject to the same allegedly unlawful pay practices (doc. 31-2 at ¶¶ 3, 6, doc. 31-3 at ¶¶ 2-3). Therefore, they would have similar claims. Accordingly, I find Plaintiff has met his burden of showing there are other employees that desire to opt-in to the lawsuit and the potential plaintiffs are similarly situated. I recommend the District Judge conditionally certify a class of overnight pet attendants employed at Defendants' Palm Harbor and Carrollwood locations who worked overtime in a week where he or she also worked an overnight shift but did not receive an overtime rate that accounted for the nighttime premium.

The form and content of court-authorized notice is within the Court's discretion. *Harris v. Performance Transp., LLC*, No. 8:14-CV-2913-T-23EAJ, 2015 WL 1257404, at *5 (M.D. Fla. Mar. 18, 2015). Although I find no issues with the agreed-upon notice timelines, there are two faults with the proposed notice. First, the notice should reflect a three-year period from the date that it is sent (i.e., July 2013), not the date Plaintiff filed the Complaint (i.e., February 2013). *See Abdul-Rasheed v. KableLink Commc'ns, LLC*, No. 8:13-CV-879-T-24, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013). And, the proposed notice should inform potential opt-in plaintiffs that if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for Defendants' costs. *Harris*, 2015 WL 1257404, at *5 (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985)).

Accordingly, it is RECOMMENDED:

1. Plaintiff's Motion for Conditional Certification and Court–Authorized Notice Pursuant to 29 U.S.C. § 216(b) (doc. 31) be GRANTED to the extent that the following collective action be conditionally certified: overnight pet attendants employed at Defendants' Palm Harbor and Carrollwood locations from three years from the date the Notice is sent through the present who worked overtime in a week where he or she also worked an overnight shift but did not receive an overtime rate that accounted for the nighttime premium;

2. Defendants be ORDERED to produce to Plaintiff, within eleven days of the Court order conditionally certifying the class, a list containing the full names, last known addresses,

and telephone numbers of putative collective action members. Defendants need not provide the social security numbers of putative collective action members unless otherwise ordered;

3. the parties file a revised notice form reflecting the deficiencies and changes described herein;

4. Plaintiff's counsel be authorized to distribute approved notice and consent-to-join forms once the forms are approved by the Court; and

5. Plaintiff's counsel file all consent-to-join forms within thirty (30) days after the date the notice and consent-to-join forms are mailed.

IT IS SO RECOMMENDED in Tampa, Florida on June 21, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.